MORENO v. MARTÍNEZ.

APPEAL from the District Court of Mayagüez.

No. 118.—Decided May 8, 1906.

APPEAL—TRUSTEES.—An order made by the district court limiting the powers of a' trustee appointed by the same court and excluding certain properties in his possession in such capacity is not appealable to the Supreme Court.

The facts are stated in the opinion.

Mr. Fernando Vázquez for appellant.

Mr. Méndez Vaz for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the action of unlawful detainer brought in the District Court of Mayagüez by María Moreno against Victor Martínez to compel him to vacate a rural estate consisting of 54.47 cuerdas, situated in the barrio of Guatemala, in the town of San Sebastián, and two-thirds of the dwelling house and buildings thereon, said María Moreno applied for a writ of injunction against Martínez to restrain him from personally gathering, or permitting to be gathered, the coffee on the trees of the estate and from using for the gathering of such coffee two-thirds of the establishments; and after a hearing of the adverse party and bond having been furnished, the said court granted the application of María Moreno by order of September 17, 1903, which this Supreme Court decided on appeal by decision of November 15, 1904.

On July 31, 1905, said María Moreno made a motion to the Mayagüez court, praying that inasmuch as Victor Martínez had been forbidden to gather the coffee crop to which the injunction applied and to make use of two-thirds of the establishments on said estate, a receiver should be appointed in compliance with the provisions of section 182 of the Code of Civil Procedure, with the powers inherent in such office; and the court after having heard the allegations of the parties, appointed as receiver Juan de Dios Torres, a resident of the

town of San Sebastián, with powers merely to take charge of the gathering, and cleaning of the coffee grown, it being understood that the receiver should not enter upon the discharge of his duties until after having been sworn and furnished a bond in the sum of $800.

The said court also ordered, at the instance of María Moreno, that a writ issue to the marshal of the District Court of Aguadilla to give possession of the estate and two-thirds of the dwelling and establishments to the receiver appointed, which possession was so given the said receiver, Juan de Dios Torres, on September 23, 1905.

By reason of such possession Julio O. Abril filed a motion on the following 20th of October praying that the receivership be confined to the estate of 54.47 *cuerdas,* belonging to María Moreno, and to the establishments and buildings within said tract, consisting of three houses, a crib and a house, with its kitchen and machinery for hulling coffee, excluding from the possession the dwelling, kitchen, three terraces for drying coffee, a tank and machinery, which he alleges are situated, not on the estate of María Moreno, but on another estate belonging to the petitioner, Julio O. Abril, consisting of 33 *cuerdas,* and separated from the former by a road.

Upon this action the Mayagüez court rendered a decision on November 6th of last year, which is as follows:

"In this motion, presented by Attorney Alfredo Arnaldo in the name and on behalf of Osvaldo Abril against María Moreno, represented by Attorney Fernando Vázquez, in proceedings upon the appointment of a receiver, the court, after having heard the allegations of the parties and considered the documents attached to said motion, is of the opinion that the law and the facts in the case are in favor of the petitioner; and, consequently, in sustaining said motion, orders and decrees that the order of September 19, 1905, made in the proceedings appointing Juan de Dios Torres receiver for the custody and administration of an estate consisting of 54.47 *cuerdas,* situated in the *barrio* of Guatemala, municipal district of San Sebastián, and of two-thirds of the house and establishments, be understood to be modified in the sense that the powers conferred upon said receiver for the

custody and administration of such property are by this order limited to the 54.47 *cuerdas* of land, buildings and constructions situated within the boundaries of said 54.47 *cuerdas;* it being ordered that from the present possession of the property by said receiver there be excluded the buildings and other constructions to the south of the 54 *cuerdas* referred to; that is to say, those situated to the right of the road which divides said estate from that belonging to the petitioner, Osvaldo Abril, consisting of 33 *cuerdas* of land, situated in the said *barrio* of Guatemala, in said municipal district, under the boundaries specified in the motion presented; and, therefore, said receiver is ordered to refrain from performing any act of possession with regard to said buildings and constructions or any other acts involving mere administration, until the legal question of the ownership or the better right of possession of the contending parties which they may allege to such property is finally settled; to which end the proper rights and actions are reserved to them, in order that they may exercise them in the manner and form prescribed by the civil law; and it is further ordered that a certified copy of this order and of the return of its execution be attached to the roll or record relating to the appointment of a receiver; and it is ordered that the proper writ issue to the marshal of the District Court of Aguadilla for the execution of this order.''

Counsel for María Moreno took an appeal from this decision, which appeal is now pending the decision of this Supreme Court, in which the appellant only has appeared, having filed a brief and argued orally in support of his prayer for the reversal of the decision appealed from.

We are of opinion that no appeal lies from this decision, because it is not included among those enumerated in section 295 of the Code of Civil Procedure as appealable, as a mere perusal of said legal provision will show.

The Mayagüez court did not decide any question relating to ownership in order that the buildings and constructions mentioned should be excluded from the possession of the receiver, Juan de Dios Torres, but on the contrary it expressly refuses to decide any question relating to ownership or preferred right of possession, reserving to the contending parties the rights and actions they may believe themselves

entitled to for enforcement in the manner and form prescribed by the civil law.

The Mayagüez court could have refused absolutely to appoint a receiver with relation to all the property to which María Moreno referred; and from such decision no appeal could have been taken. With greater reason, no such appeal can lie from the decision of said court excluding certain property from the receivership and limiting the functions of the receiver appoin⁺ed.

For the reasons stated, the appeal taken by María Moreno should be dismissed with the costs of the appeal against her.

*Dismissed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.